MELINDA HAAG (CABN 132612)
United States Attorney

MIRANDA KANE (CABN 150630)
Chief, Criminal Division

JOSHUA HILL (CABN 250842)
Assistant United States Attorney

   1301 Clay Street, Suite 340-S
   Oakland, California 94612
   Telephone:  (510) 637-3740
   Facsimile:  (510) 637-3724
   E-Mail:     Joshua.Hill2@usdoj.gov

MI YUNG CLAIRE PARK (CABN 202379)
Trial Attorney

   U.S. Department of Justice - Criminal Division
   Child Exploitation & Obscenity Section
   1400 New York Avenue., N.W. - Suite 600
   Washington, D.C.  20005
   Telephone: (202) 616-2780
   Fax: (202) 514-1793
   Email: miyung.park@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR-10-0898-PJH |
| Plaintiff, | ) ) | GOVERNMENT'S SENTENCING MEMORANDUM |
| v. | ) ) | Date:  February 29, 2012 |
| THOMAS PEREZ JEWELL, | ) ) | Time:  1:30 p.m. |
| Defendant. | ) ) ) | Honorable Phyllis J. Hamilton |

     Plaintiff United States of America, by and through its counsel of record, Assistant United States Attorney Joshua Hill and Mi Yung Park, hereby submits its sentencing memorandum.

**I.    <u>Introduction</u>**

     Thomas Jewell molested young boys, videotaping and photographing his crimes, and thereby hoarding thousands of images of these boys.  He abused his status as a counselor and

employer to serve his deviant urges. Accordingly, the government respectfully requests that Jewell spend the next 29 years of his life in a federal prison and spend the remainder of his life on supervised release pursuant to his conviction for producing child pornography. Moreover, although no amount of money can compensate for Jewell's crimes, the government asks that the Court order Jewell to pay $321,000 in restitution to Victim #1.

## II.     Guidelines Calculation

The Probation Office concurs with the parties' Sentencing Guidelines calculations, which are as follows (PSR ¶¶ 32-57):

Victim John Doe #1

| | | | |
|---|---|---|---|
| | a. | Base Offense Level, U.S.S.G. § 2G2.1(a) | 32 |
| | b. | Specific offense characteristics: | |
| | | U.S.S.G. § 2G2.1(b)(1) (12 - 16 y/o victim) | +2 |
| | | U.S.S.G. § 2G2.1(b)(2)(A) (commission of a sexual act) | +2 |
| | | U.S.S.G. § 3B1.3 (abuse of position of trust) | +2 |
| | c. | Adjusted Offense Level: | 38 |

Victim John Doe #2

| | | | |
|---|---|---|---|
| | a. | Base Offense Level, U.S.S.G. § 2G2.1(a) | 32 |
| | b. | Specific offense characteristics: | |
| | | U.S.S.G. § 2G2.1(b)(1) (12 - 16 y/o victim) | +2 |
| | | U.S.S.G. § 2G2.1(b)(2)(A) (commission of a sexual act) | +2 |
| | c. | Adjusted Offense Level: | 36 |

Total Offense Level

| | | | |
|---|---|---|---|
| | a. | Highest Offense Level | 38 |
| | b. | U.S.S.G. § 3D1.4 (Combined Offense Level) (U.S.S.G. § 2G2.1(d) (two minor victims)) | +2 |
| | c. | U.S.S.G. § 4B1.5(b) (repeat and dangerous sex offender) | +5 |
| | d. | Acceptance of Responsibility | -3 |
| | e. | Adjusted offense level: | 42 |

Based on a criminal history category I, the Guidelines range is the statutory maximum of 360 months in prison.

### III. Sentencing Argument

#### A. Law

As established in *United States v. Booker*, 543 U.S. 220, 220 (2005), the Sentencing Guidelines are no longer mandatory, only advisory. Nonetheless, sentencing proceedings are to begin by determining the applicable Guidelines range. *See United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (en banc). In this sense, the guidelines are "the 'starting point and the initial benchmark,'" *Kimbrough v. United States*, 552 U.S. 85, 108 (2007) (quoting *Gall v. United States*, 552 U.S. 38, 49 (2007)), and "are to be kept in mind throughout the process." *Gall*, 552 U.S. at 50 n.6. Sentencing courts must consider, in addition to the Guidelines, the factors set forth in 18 U.S.C. § 3553(a). These factors include the need for the sentence to reflect the seriousness of the offense and the history of the defendant, afford adequate deterrence, protect the public from further criminal conduct by the defendant, and avoid sentencing disparities among similarly situated defendants. Because of that, it is "procedural error" if the district court fails to calculate – or calculates incorrectly – the applicable Guidelines range; treats the guidelines as mandatory instead of advisory; fails to consider the § 3553(a) factors; chooses a sentence based on clearly erroneous facts; or fails adequately to explain the sentence selected, including any deviation from the Guidelines range. *See Carty*, 520 F.3d at 993. To determine the substantive reasonableness of a sentence, courts examine "the totality of circumstances." *Id.* If a sentence is within the Guidelines range, "it is probable that it is reasonable." *Rita v. United States*, 551 U.S. 338, 351 (2007).

#### B. Analysis

This case began as an investigation into Jewell's suspected possession and transportation of child pornography. When the officers searched Jewell's apartment, they discovered that, in addition to possessing child pornography, Jewell had documented his own abuse of teenage boys. The heinous nature of Jewell's conduct is self-evident from descriptions in the PSR. Indeed, there is little the government can add to Victim #1's grandmother's letter in which she explained that his "childhood [was] taken away by a monster." Similarly, Victim #1's aunt stated that Jewell had "destroy[ed] [her] nephew's life." As the Probation Office rightly points out,

"[w]hat appears most insidious about the defendant's conduct is the degree to which he lured these minor victims into his life - one with the promise of professional counseling and mentoring, and the other with the opportunity to earn money." PSR Sentencing Recommendation at 2. If the Court accepts this plea agreement, for the next 29 years, while his victims mature and, hopefully, overcome this episode in their lives, Jewell will be in a federal prison. Thereafter, he will be on supervised release for the remainder of his life. A 29-year prison sentence and a lifetime of supervised release should prevent Jewell from ever harming another child.

### IV. Restitution

Victim #1 seeks restitution. Victim #2 declined the opportunity both to receive restitution and to submit a victim impact statement. In child exploitation cases, restitution for the "the full amount of the victim's losses" is mandatory under 18 U.S.C. § 2259. In particular, 18 U.S.C. § 2259(b)(3) defines the victim's losses to include "medical services relating to physical, psychiatric, or psychological care; . . . physical and occupational therapy or rehabilitation." Since this statute was enacted, courts have repeatedly affirmed the mandatory nature of restitution for crimes involved in this chapter. *See e.g. United States v. Laney*, 189 F.3d 954, 965 (9th Cir. 1999) (affirming district court's grant of restitution amount for *future* counseling costs for child exploitation victim under 18 U.S.C. § 2259); *United States v. Julian*, 242 F.3d 1245, 1246-47 (10th Cir. 2001); *United States v. Danser*, 270 F.3d 451, 455 (7th Cir. 2001); *United States v. Crandon*, 173 F.3d 122, 125-26 (3rd Cir. 1999) (noting that restitution is mandatory under § 2259).

Victim #1's current counselor and psychiatrist indicated that Victim #1 will require a lifetime of therapy. Victim #1's psychiatrist also indicated that she consulted her supervising psychiatrist for his assessment, and he too concurred that Victim #1 will need a lifetime of therapy. Thus, the same assessment of Victim #1's counseling needs as a consequence of the defendant's abuse was reached by three separate professionals. The professionals noted that severe counseling was needed, not only because of the type of sexual abuse suffered by Victim #1, but because of the nature of the relationship of the defendant as Victim #1's counselor.

Currently, Victim #1 undergoes therapy with his counselor once a week and with his psychiatrist once a month. Additionally, Victim #1 is currently taking medication monitored by his psychiatrist as part of his therapy. Victim #1's psychiatrist indicated her fee to be approximately $200/hour. She also said that she would normally meet with a patient for 30 minutes per session if limited to monitoring of medication and for about an hour if therapy is involved. Victim #1's psychiatrist further indicated that Victim #1's medications cost approximately $300/month. Victim #1's counselor (Marriage Family Therapist) indicated that she counsels Victim #1 for an hour a week and that her fees range from $100-150/hour. With these costs in mind then, psychiatric costs would total approximately $600/year, medication costs would total $3,600/year, and counseling costs (using an estimate of $125/week) would total $6,500/year for a total annual cost of $10,700. This amount over a 30-year span would total $321,000. Clearly, 30 years does not span a "lifetime" for the victim, and therefore $321,000 represents a conservative estimate.

The government understands that restitution amount set forth in the PSR is based on the Probation Office's estimate of continued therapy for 30 years at a cost of $150 per week. This would result in a total of $234,000.[1]

Therefore, the government asks that the Court order Jewell to pay $321,000 in restitution to cover "psychological care" and other medical costs. The PSR indicates that Jewell has $50,000 in a Contra Costa retirement account. PSR ¶ 120. "District courts have wide latitude in fashioning and calculating restitution orders so long as the orders are authorized by law." *United States v. Soderling,* 970 F.2d 529, 534 (9th Cir. 1992). Therefore, the government asks the Court to order the contents of Jewell's retirement account be liquidated and paid out to Victim #1 as part of the restitution order. The law authorizes the Court to order restitution to be paid from any of the defendant's assets, including jointly-owned assets or funds owed but not yet paid. 18 U.S.C. §§ 3664(f)(2)(A) & (n) ("If a person obligated to provide restitution, or pay a fine, receives substantial resources from any source, including inheritance, settlement, or other

---

[1] This number is based on 52 weeks in a year ($52 \times \$150 \times 30 = \$234,000$).

judgment, during a period of incarceration, such person shall be required to apply the value of such resources to any restitution or fine still owed."); *see also United States v. Rich*, 603 F.3d 722, 726 (9th Cir. 2010) ("Indeed, all of a convicted defendant's income and assets may be subject to restitution.").

Finally, if the Court is not in position to make a restitution order at the sentencing hearing, the government requests that the Court schedule a restitution hearing within 90 days of days of sentencing pursuant to 18 U.S.C. § 3664(d)(5).

**V.     Conclusion**

For the foregoing reasons, taking into consideration the relevant provisions of the Guidelines and 18 U.S.C. § 3553(a), the government respectfully requests that the Court sentence defendant to a reasonable and appropriate sentence of 29 years' (or 348 months') imprisonment and a lifetime of supervised release.

In addition, the government requests that the Court order Jewell to pay $321,000 in restitution and that he liquidate his retirement account to make the first installment on the restitution order.

DATED: February 22, 2012         Respectfully submitted,

MELINDA HAAG
United States Attorney

          /S/
JOSHUA HILL
Assistant United States Attorney

          /S/
MI YUNG PARK
Trial Attorney, Department of Justice